

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

This Opinion
Overrules Opinion
# 6 - 4883

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-4883-A
Re: Reconsideration of
Opinion No. O-4883.

For the purpose of embodying the facts upon
which this opinion is predicated your letter is quoted
as hereafter follows, notwithstanding it is quoted in
our previous opinion which you have:

"Re: Additional allowance of $200 per annum
for Chief Deputies or Heads of Depart-
ments

"With reference to the above caption would
like to have an opinion based on the following:

"Article 3902, Section 5 of the Revised Civil
Statutes states that in counties having a population
of 100,001 to 150,000 the Chief Deputies may be al-
lowed by the Commissioners Court, when in their
judgment such allowance is justified, the sum of
$200.00 per annum in addition to the regular com-
pensation allowed.

"Article 3902, Section 4-A, as reported in the
1938 Supplement of Vernon Texas Statutes, states -
'In counties having a population of 60,001 and not
more than 100,000 inhabitants and containing a city
of not less than 52,000 inhabitants, heads of the
departments may be allowed by the Commissioners Court,

when in their judgment such allowable is justified,
a sum of $200.00 per annum in addition to the amount
hereinbefore authorized, to either the chief deputies
or heads of departments who shall have previously
served the county for not less than two continuous
years.'

"Article 3912-E, Section 13, makes no reference
to an allowance of $200.00 annually in addition to
the regular compensation received by such deputy.

"In view of the foregoing could the Commissioners
Court of Nueces County allow the additional compensa-
tion based on Article 3902, Section 4-A when the officers
of Nueces County are paid under the Officers Salary Law.

"In other words, could the Commissioners Court
under the salary law pay the Chief Deputies the $200.00
per annum in addition to their regular compensation
based on the last preceding Federal Census?"

Upon a careful reconsideration of our opinion
No. O-4883, rendered to you under date of October 9, 1942,
we are of the opinion that it is not necessary for us to pass
upon the constitutionality of Section 4a of Article 3902,
V. A. C. S., in order to answer the question you ask. We
therefore withdraw our opinion No. O-4383 of October 9, 1942,
except insofar as our former opinion holds that Section 5 of
Article 3902, V. A. C. S., has no application to Nueces
County, as it is not within a population bracket set out in
said section, and that Section 13, Article 3912e, V. A. C. S.,
pertains to the annual salary of county officials named there-
in and has no application to the salaries or compensation of
the deputies of such officers, and substitute therefor this
opinion.

The real question you ask is embodied in the follow-
ing portion of your letter, which we requote as follows for
the purpose of having it clearly stated:

"In view of the foregoing could the Commissioners
Court of Nueces County allow the additional compensation
based on Article 3902, Section 4-A when the officers of
Nueces County are paid under the Officers Salary Law.

"In other words, could the Commissioners Court under the salary law pay the Chief Deputies the $200.00 per annum in addition to their regular compensation based on the last preceding Federal Census?"

For convenience we quote not only Section 4a of Article 3902, V. A. C. S., but Section 4 also, as follows:

"Article 3902. Section 4. In counties having a population of sixty thousand and one (60,001) and not more than one hundred thousand (100,000) inhabitants, first assistant or chief deputy not to exceed Twenty-four Hundred ($2400) Dollars per annum; other assistants, deputies or clerks not to exceed Twenty-one Hundred ($2100.00) Dollars per annum each.

"Section 4a. In counties having a population of sixty thousand and one (60,001) and not more than one hundred thousand (100,000) inhabitants, according to the preceding Federal Census and containing a city of not less than fifty-two thousand (52,000) inhabitants according to the preceding Federal Census, heads of departments may be allowed by the Commissioners Court, when in their judgment such allowable is justified, the sum of Two Hundred Dollars ($200) per annum in addition to the amount hereinbefore authorized to either First Assistant or Chief Deputy, or other Assistants, Deputies or Clerks, when such heads of departments sought to be appointed shall have previously served the county or political subdivision thereof for not less than two (2) continuous years, provided no heads of departments shall be created except where the persons sought to be appointed shall be in actual charge of some department, with Deputies or Assistants, under his supervision, or a department approved by the court, and only in offices capable of a bona fide subdivision into departments. As added Acts 1937, 45th Leg., p. 581, ch. 290, ｜ 1."

We think the answer to your question is in the negative for the reason that Section 4a, supra, seems to provide for "heads of departments," a different office or position from that of First Assistant or Chief Deputy.

This construction is borne out by the fact that Article 3902, supra, merely provides a maximum salary of $2400. for First Assistant or Chief Deputy, and a maximum salary of $2100. each for other assistants, deputies or clerks per annum in those counties embraced in the brackets specified. Section 4 of Article 3902 is amended by adding Section 4a, which provides for another higher ranking position, namely, "heads of departments," and fixing their maximum salary, in such counties as are enumerated in Section 4 of Article 3902, having a city therein of 52,000 population, according to the preceding Federal Census. A First Assistant or Chief Deputy, as such, cannot get more than the maximum of $2400., provided for in Section 4 of Article 3902, and the amendment, by adding Section 4a, does not help because it does not apply to them, but applies only to "heads of departments," a separate position altogether from that of Chief Clerk or Chief Deputy. If this be true, and we think it is, then the Commissioners' Court of Nueces County cannot increase the pay of a Chief Deputy $200. over that provided in Section 4 of Article 3902, for the simple reason that a Chief Deputy does not come under the provisions of Section 4a, the amendment with which we are here concerned.

Whether Section 4a of Article 3902, V. A. C. S., is constitutional need not be answered, and we refrain from expressing an opinion on its constitutionality. We merely hold that the position of Chief Deputy, concerning which you inquire, is not covered by said Section 4a of Article 3902, and therefore in no event could the salary of Chief Deputy be increased by the provisions of said section.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 24 1943

FIRST ASSISTANT
ATTORNEY GENERAL

By

L. P. Lollar
Assistant

LFL:AMM

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE